**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4210**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRUCE ALLEN HOWLAND,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry M. Herlong, Jr., Senior District Judge. (8:19-cr-00616-HMH-1)

Submitted: September 22, 2020                    Decided: September 24, 2020

Before NIEMEYER, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bruce Allen Howland pled guilty to one count of possessing with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court sentenced Howland to the statutory mandatory minimum sentence of 300 months' imprisonment. Howland's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Howland's sentence is reasonable. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If there are no procedural errors, then we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51.

We have reviewed the record and conclude that the district court may have erred by failing to sufficiently explain its reasons for the selected sentence of imprisonment. However, we review this issue only for plain error because the district court ultimately imposed the sentence that Howland's counsel requested. *See United States v. Lynn*, 592 F.3d 572, 576-77 (4th Cir. 2010). We hold that, under plain error review, Howland cannot

2

demonstrate that the district court's insufficient explanation affected his substantial rights because the district court imposed the mandatory minimum term of imprisonment. *See United States v. Knight*, 606 F.3d 171, 177-78 (4th Cir. 2010) (stating standard and noting that defendant bears burden to show "that he would have received a lower sentence had the error not occurred"). Howland thus cannot establish plain error on this issue.

With respect to the substantive reasonableness of Howland's sentence, a district court's imposition of a statutory mandatory minimum sentence "is per se reasonable." *United States v. Farrior*, 535 F.3d 210, 224 (4th Cir. 2008), *abrogated on other grounds by Rodriguez v. United States*, 575 U.S. 348 (2015). Because the district court imposed the statutory minimum sentence, we conclude that Howland cannot establish that his sentence of imprisonment is substantively unreasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm Howland's conviction and sentence. This court requires that counsel inform Howland, in writing, of the right to petition the Supreme Court of the United States for further review. If Howland requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Howland.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*